IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETSY CROUCH,                )
                             )
    Plaintiff,                )
                             )
    v.                        )    Civil Action No. 07-1748
                             )
MICHAEL J. ASTRUE,           )
Commissioner Of              )
Social Security              )
                             )
    Defendants.               )

AMBROSE, Chief District Judge.

## SYNOPSIS

Before the Court are Cross-Motions for Summary Judgment. (Docket No. 8 and 14). Both parties filed briefs supporting their respective motions. (Docket No. 9 and 15). Upon analysis and consideration of each submission, and as set forth in the Opinion below, I am denying the Plaintiff's Motion for Summary Judgment (Docket No. 8) and am granting Defendant's Motion for Summary Judgment (Docket No. 14).

## OPINION

### I. PROCEDURAL BACKGROUND

Plaintiff filed this action under 42 U.S.C. §405(g) seeking judicial review of the final decision of the Commissioner of Social Security (hereinafter as "Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental social security income ("SSI") under the Social Security Act ("Act"). On July 27, 2004, Plaintiff filed an application for DIB and

1

SSI alleging a disability due to severe spinal disorder and depression since June 1, 2004. After Plaintiff's claim was denied, she timely requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on June 8, 2006, where testimony was taken from Karen S. Krull, a vocational expert, as well as the Plaintiff who was represented by counsel. The ALJ, in a decision dated July 27, 2006, found Plaintiff not to be disabled and denied her claim. On November 2, 2007 the Appeals Council denied Plaintiff's Request for Review, rendering the ALJ's decision final. Plaintiff filed this action seeking relief from the ALJ's decision and now before the court are Cross-Motions for Summary Judgment.

## II. STANDARD OF REVIEW

When reviewing a decision denying DIB and SSI, the District Court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "more than mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. §706.

To be eligible for social security benefits under the Act, a claimant must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The ALJ must utilize a five-step sequential analysis when evaluating the disability status of each claimant. 20 C.F.R. §404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., pt. 404 subpt. P., appx. 1; (4) whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. §404.1520(a)(4).

### III. DISCUSSION

The basis for Plaintiff's challenge of the ALJ's decision is that the ALJ improperly rejected the medical opinion of the Plaintiff's primary care physician and said opinion should have been given controlling weight. The Plaintiff further contends that, based on the rejection of the medical opinion, the ALJ posed an inaccurate hypothetical question to the vocational expert which did not set forth all of the plaintiff's work-related limitations. Thus, the Plaintiff's challenge seeks remand on step five (5) of the sequential analysis.

The ALJ made the following findings in support of the decision to deny Plaintiff's claim: (1) the Plaintiff had not engaged in substantial gainful employment since June 1, 2004; (2) the Plaintiff had lumbar degenerative disc disease and adjustment disorder with depressed mood which qualify as severe impairments; (3) the Plaintiff does not have an impairment that meets one the of the listed impairments; (4) the Plaintiff is unable to preform any past relevant work; and (5) in considering the

Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in the national economy that the Plaintiff can perform. (R. 15-20).

"A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000)(citations omitted). Indeed, a treating physician's opinion receives controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. §404.1527(d)(2). However, the ALJ is free to reject medical source opinions that opine on issues reserved to the Commissioner. 20 C.F.R. §404.1527(e). Additionally, the ALJ may afford a treating physicians' opinion lesser or no weight if it is not well-supported or inconsistent with other substantial evidence. 20 C.F.R. §404.1527(d)(3), (4).

The central dispute in this appeal is over the interrogatory to Dr. Clifford Chen in which he gave his opinion as to the Plaintiff's functional capacity. (R. 341-47). Dr. Chen was the Plaintiff's primary care physician and he saw the Plaintiff every six to eight weeks since 2002. (R. 341). In the interrogatory Dr. Chen opined *inter alia* that the Plaintiff would be unable to work five days a week, or eight hours a day without breaks and that she must lay down periodically throughout the day. (R. 343-46). Dr. Chen claimed that his opinion was based upon the Plaintiff's record, consultations and her MRI reports. (R. 347).

In determining the Plaintiff's residual functional capacity the ALJ gave "little weight to Dr. Chen's assessment," as he found "it [was] not supported by his own treatment records or by other significant medical records of evidence." (R. 19). In support of his finding that the opinion was not

well-supported, the ALJ pointed to the report of Dr. Jorge L. Acevedo, Dr. Chen's own records and the report of Dr. David J. Stapor. Plaintiff claims that this does not amount to substantial evidence to make the finding that Dr. Chen's report was not well-supported, and thus not controlling.

In the ALJ's decision, he stated that although the Plaintiff does have degenerative changes to her lower spine and a history of back pain for more than ten years and claimed of worsening pain, Dr. Acevedo's examination only showed some decreased flexibility and normal motor and deep tendon reflexes. (R. 19). Based on his examination, Dr. Acevedo diagnosed the Plaintiff as having chronic back pain, but did not feel surgery was indicated and recommended conservative management with possible modification of her activities. (R. 340). The Plaintiff argues that the ALJ mistakenly took the recommendation against surgery as evidence that Dr. Acevedo's report did not support the opinion of Dr. Chen that the Plaintiff was severely limited in her functional capacity. (Docket No. 9 at 14). The Plaintiff claims that the correct reading of Dr. Acevedo's report is that the Plaintiff could not tolerate invasive procedures such as surgery because of her preexisting blood disorder, idiopathic thrombocytopenic purpura. Although Plaintiff's reading of the report is reasonable, so was the ALJ's reading that surgery was not being recommended because the Plaintiff's chronic back pain simply did not warrant it. Indeed, in Dr. Acevedo's report he mentioned the Plaintiff's blood disorder as a reason for not giving injections but did not mention that it was a basis for his recommendation against surgery. (R. 340). Thus, the ALJ could reasonably rely upon Dr. Acevedo's report for the purpose of contradicting Dr. Chen's opinion.

The ALJ was mistaken, however, in reading Dr. Stapor's report that Plaintiff's MRI of her lumbar spine "looks pretty good overall." (R. 19). It is clear from the record that Dr. Stapor was examining and treating the Plaintiff for pain in her left shoulder, not her lumbar spine. (R. 331-33).

5

In fact, Dr. Stapor's full statement in his report was "[h]er MRI looks pretty good overall. There is a lot of subdeltoid fluid and some thinning of the cuff, maybe some partial tearing at the most, but definitely no full-thickness tearing and the joint looks pretty good." (R. 332). "Subdeltoid" refers to being below the deltoid muscle group which is located on the shoulder. See Dorland's Illustrated Medical Dictionary 1718 (29th ed. 2000). Thus, reading Dr. Stapor's report as involving the lumbar spine is plainly a mistake and could not be reasonably relied upon to contradict Dr. Chen's opinion.

The ALJ's ultimate conclusion as to Dr. Chen's opinion was that it was merely a conclusory functional assessment that was not supported by objective functional limitations noted in the record. (R. 19). Plaintiff challenges this finding by stating that Dr. Chen's opinion is uncontradicted and that Dr. Chen was in the best possible position to assess Plaintiff's functional capacity. (Docket No. 9 at 15). The Government, however, reiterates the ALJ's point that Dr. Chen's opinion is unsupported by the record, including his own notes. (Docket No.15 at 11). The Government points to Dr. Chen's examinations in June and July of 2004 as examples of Dr. Chen's records contradicting his opinion. In those examinations, Dr. Chen made the objective observation that Plaintiff had normal heal and toe walking as well as a negative straight leg raising test. (R. 257, 259). Additionally, nowhere in Dr. Chen's treatment notes are there objective observations of limited functional capacity that can lend support to Dr. Chen's opinion finding that the Plaintiff is unable to work. (R.256-76, 318-34).

In looking at the record as a whole, the ALJ's decision to give Dr. Chen's opinion only "little weight" was supported by substantial evidence. Despite the fact that the ALJ misunderstood Dr. Stapor's report, when considering that Dr. Acevedo's report reasonably could be read to not support Dr. Chen's opinion plus the lack of objective observations of functional limitations in Dr. Chen's records, the ALJ reasonably could conclude that Dr. Chen's opinion was not well-supported.

Therefore, the evidence presented did not require the ALJ to give Dr. Chen's opinion controlling weight.

Plaintiff's second challenge to the ALJ's decision hinges on the first. The Plaintiff argues that the hypothetical question posed by the ALJ to the vocational expert was erroneous in that it was based on the finding that the Plaintiff could perform at least sedentary work. The ALJ's finding that Plaintiff could perform sedentary work was determined without giving controlling weight to Dr. Chen's opinion. As stated above, the ALJ could reject Dr. Chen's opinion as being not well-supported. In viewing the record as a whole, the ALJ's hypothetical question based in part on the finding that Plaintiff could perform sedentary work, is supported by substantial evidence. Thus, the ALJ's hypothetical question to the vocational expert was not erroneous.

As a result, since substantial evidence supported the ALJ's finding that Plaintiff could perform sedentary work, the Plaintiff's motion must be denied and the Defendant's granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETSY CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1748 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner Of ) | |
| Social Security ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge.

**ORDER**

AND now, this 21st day of November, for the reasons set forth in the accompanying Opinion, it is hereby ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No.14) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W Ambrose,
Chief U.S. District Judge

Dated: November 21, 2008.

cc/ecf: All counsel of record.